UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

ROSARIO RAMIREZ, as Administratrix of
the Estate of Juan Baten,
deceased, and as the Guardian of
D.E.B.R., an infant,                                    ORDER

            Plaintiff,                     CV 2011-5772(WFK)(MDG)

     - against -

CHIP MASTERS INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - -X

    By motion dated June 7, 2012, plaintiff in this wrongful death action moves for leave to file an amended complaint to add three additional defendants.[1]  See ct. doc. 13.

---

[1] As a preliminary matter, I note that I have the authority to decide plaintiff's motion to amend pursuant to 28 U.S.C. § 636(b)(1)(A).  See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); Kilcullen v. New York State Dept. of Transp., 55 Fed. Appx. 583, 584 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed. Appx. 10 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint").  Thus, Fed. R. Civ. P. 72(a) governs any objections to this order.  See Lyondell-Citgo Refining, LP V. Petroleos De Venezuela, S.A., 2005 WL 883485 (S.D.N.Y. 2005) (noting agreement with "the weight of authority in this Circuit applying a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading"); cf. Jean-Laurent v. Wilkerson, 461 Fed. Appx. 18 (2d Cir. 2012) (remanding
(continued...)

BACKGROUND

The claims in this product liability action against Chip Masters Inc. ("Chip Masters") arise from the death of Juan Baten, who was fatally injured on January 24, 2011 when he became entangled in the moving parts of an industrial tortilla dough-processing machine. Plaintiff sued Chip Masters alleging that it was responsible for the manufacture and sale of the machine that caused Mr. Baten's death. Following defendant Chip Masters' failure to appear, the Honorable William F. Kuntz granted plaintiff's motion for default judgment against Chip Masters Inc.

Plaintiff now seeks to add as defendants Alberto Ceja and his son, Albert Ceja, the principal owners and officers of Chip Masters, and Food Equipment Mfg., a non-corporate successor entity to Chip Masters. Plaintiff alleges that Chip Masters ceased operation and that the Cejas resumed business under the name Food Equipment Mfg., also located in California. She points to the fact that the state of California suspended Chip Masters' corporate registration for failure to pay its corporate franchise taxes. Plaintiff further alleges that Food Equipment Mfg., which is owned and controlled by the Cejas, manufactures the same equipment and markets to the same customers as Chip Masters. Plaintiff argues that the Cejas are alter egos of Chip Masters and that Food Equipment Mfg. is a mere continuation of Chip

---

[1](...continued)
to district court to conduct de novo review of magistrate judge's denial of leave to amend which effectively dismissed state law claims).

-2-

Masters.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires."  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Andersen News LLC v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012).  Thus, courts should ordinarily grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility.  Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The decision to grant or deny a request to amend is within the discretion of the district court.  Foman, 371 U.S. at 182; Andersen, 680 F.3d at 185.

There is no reason to believe that plaintiff has acted in bad faith or that defendants would be unduly prejudiced by amendment.  I also cannot conclude that the allegations are implausible or that the claims are clearly insufficient as a matter of law.

However, I note that Food Equipment Mfg. may not be a suable entity.  Plaintiff's counsel states in her affirmation that Food Equipment Mfg. is a "non-corporate entity."  Affirmation of Cheryl Felton dated June 7, 2012 (ct. doc. 13) at ¶ 9.  Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity

to be sued of an unincorporated association is determined by the law of the forum state. Fed. R. Civ. P. 17(b)(3). In New York, a trade name is not subject to suit. See M.E. Alsett Corp. V. Crosfield Elecs., 1987 WL 7023, at *1 (S.D.N.Y. 1987); Provosty v. Lydia E. Hall Hosp., 91 A.D.2d 658, 659 (2d Dep't 1982); Little Shop Around the Corner v. Carl, 80 Misc.2d 717, 719 (N.Y. Co. Ct. 1975). In contrast, under California law, unincorporated entities have the capacity to sue and be sued. See Cal. Civ. Proc. § 369.5. If plaintiff ultimately seeks judgment against Food Equipment Mfg., she will have to demonstrate that it can be sued under that name in this Court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is granted. The amended complaint must be filed by November 14, 2012.[2]

**SO ORDERED.**

Dated:     Brooklyn, New York
           November 7, 2012

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE

---

[2] The name of the minor child of the decedent should be redacted in accordance with Rule 5.2(a) of the Federal Rules of Civil Procedure.

-4-